# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No.** _____

Normand Surprenant**, Plaintiff,**

**v.**

Creditors Financial Group, LLC**, Defendant.**

## COMPLAINT

### PARTIES

1. Plaintiff Normand Surprenant is a citizen of Vermont who presently resides at the following address: 2919 Vermont Route 100 Waterbury, VT 05676.

2. Defendant Creditors Financial Group, LLC is a citizen of Colorado who is located at the following address: 3131 South Vaughn Way, STE 110 Aurora, CO 80014.

### JURISDICTION

3. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because Defendant resides in this judicial district under 28 U.S.C. § 1391.

### BRIEF FACTUAL BACKGROUND

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

6. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around September 26, 2008, Defendant telephoned Plaintiff's mother ("Mother").

10. During this communication, Mother notified Defendant that Plaintiff did not live with Mother.

11. During this communication, Mother requested that Defendant not call Mother again.

12. During this communication, Defendant represented to Mother that Defendant would take legal action against Plaintiff on Monday, September 29, 2008 and place a lien on Plaintiff's property.

13. On or around September 26, 2008, Defendant telephoned Plaintiff.

14. During this communication, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would take legal action against Plaintiff on Monday, September 29, 2008.

15. At the time of these communications, Defendant had neither the intent nor ability to take Plaintiff to court

16. Despite Mother's notice, on or around October 3, 2008, Defendant telephoned Mother again.

17. During this communication, Defendant represented to Mother that Defendant would take legal action against Plaintiff on Monday, October 6, 2008.

18. On or around October 3, 2008, Defendant telephoned Plaintiff.

19. During this communication, Defendant represented to Plaintiff that Defendant would take legal action against Plaintiff on Monday, September 29, 2008.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

21. Defendant violated the FDCPA.

### FIRST CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

### SECOND CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

### THIRD CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

### FOURTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

### FIFTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## SIXTH CLAIM FOR RELIEF

### Invasion of Privacy by Public Disclosure of a Private Fact

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's Mother.

34. Defendant's threat of legal action to this person is highly offensive.

35. The information disclosed is not of legitimate concern to the public.

## SEVENTH CLAIM FOR RELIEF

### Invasion of Privacy by Intrusion upon Seclusion

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

38. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

39. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

40. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

41. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

42. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

43. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact;

   c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact; and

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY & ALEMAN, P.C.

By: */s/ Richard J. Meier*
Richard J. Meier
Jeffrey S. Hyslip
Sears Tower, Suite 5150
Chicago, IL 60606
Tel: 866.339.1156
Fax: 312.822.1064
rjm@legalhelpers.com
jsh@legalhelpers.com
*Attorneys for Plaintiff*